Hollerstein, J

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charles J. Gum, on Behalf of Himself and a Class of Persons Similarly Situated,<br><br>               Plaintiff,<br><br>   v.<br><br>GLAXOSMITHKLINE plc, GLAXOSMITHKLINE RETIREMENT SAVINGS PLAN COMMITTEE, ANDREW WITTY, JEAN-PIERRE GARNIER, JULIAN HESLOP, MONCEF SLAOUI, CHRISTOPHER VIEHBACHER, CHRISTOPHER GENT, ROY ANDERSON, STEPHANIE BURNS, LAWRENCE CULP, CRISPIN DAVIS, DERYCK MAUGHAN, JAMES MURDOCH, DANIEL PODOLSKY, IAN PROSSER, RONALDO SCHMITZ, TOM DE SWAAN, ROBERT WILSON, MICHELLE KILLIAN, M. JUDITH LYNCH, and DOES 1-30<br><br>               Defendants. | CIVIL ACTION NO. 1:10-cv-06419-AKH<br><br>CLASS ACTION<br><br>( and 10 civ 7275 (AKH) )<br>next page |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/8/10

| | |
|---|---|
| Marilyn S. Hayes, Individually and on behalf of all others similarly situated Plaintiff, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GLAXOSMITHKLINE plc, GLAXOSMITHKLINE RETIREMENT SAVINGS PLAN COMMITTEE, ANDREW WITTY, JEAN-PIERRE GARNIER, JULIAN HESLOP, MONCEF SLAOUI, CHRISTOPHER VIEHBACHER, CHRISTOPHER GENT, ROY ANDERSON, STEPHANIE BURNS, LAWRENCE CULP, CRISPIN DAVIS, DERYCK MAUGHAN, JAMES MURDOCH, DANIEL PODOLSKY, IAN PROSSER, RONALDO SCHMITZ, TOM DE SWAAN, ROBERT WILSON, MICHELLE KILLIAN, M. JUDITH LYNCH, and DOES 1-99 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

(AKH)

**CIVIL ACTION NO. 1:10-cv-07275-~~USA~~**

**CLASS ACTION**

## ~~[PROPOSED]~~ ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD CLASS COUNSEL

This Court, having considered the motion of Plaintiffs Charles J. Gum and Marilyn S. Hayes for consolidation of related ERISA actions and appointment of interim lead plaintiffs and interim co-lead class counsel, hereby orders as follows:

IT IS HEREBY ORDERED THAT:

1.    This matter shall be identified as: *In re GlaxoSmithKline ERISA Litigation*, and the files of this action shall be maintained under Civil Action No. 1:10-cv-06419-AKH.  The following actions are hereby consolidated for all purposes under this caption:

a.    *Charles J. Gum v. GlaxoSmithKline plc, et al.*, No. 1:10-cv-06419-AKH

           b.      *Marilyn S. Hayes v. GlaxoSmithKline plc, et al.*, No. 1:10-cv-07275-UA

     2.      Any other actions now pending or hereafter filed in this District which arise out of the same facts and claims as alleged in these related actions shall be consolidated for all purposes when the Court is apprised of them. The parties shall notify the Court of any other action which is pending or filed outside of this District which may be related to the subject matter of this action if and when they become aware of such actions.

     3.      Every pleading filed in this action, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re GLAXOSMITHKLINE ERISA LITIGATION | ) ) ) | Civil Action No: 1:10-cv-06419-AKH |
| This Document Relates To: | ) ) | **CLASS ACTION** |
| All Actions. | ) ) ) | |

     4.      A Master Docket and a Master File are hereby established for the cases governed by this Order. Separate dockets shall continue to be maintained for each of the individual actions, and entries shall be made in the docket of each individual action in accordance with the regular procedures of the Clerk of Court, except as modified by this Order.

     5.      When a document is filed and the caption shows that it is applicable to this action, the Clerk of the Court shall file such document in the Master File and note such filing on the Master Docket. No further copies need to be filed and no other docket entries need be made.

     6.      When a document is filed and the case caption shows that it is to be applicable to only one of the consolidated actions, the Clerk of the Court will file and docket such document in

both the Master File and that of the individual case.

7.    When a document is filed and the caption shows that it is to be applicable to more than one but fewer than all of the consolidated actions, the Clerk of the Court will file such document in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

8.    If any other case alleging violations of ERISA claims arising out of the same or substantially similar facts as alleged in the Action is filed in this Court or transferred from here or another court (a "Related Case"), Plaintiffs' counsel herein shall: (a) file a copy of this Order in the separate file for the Related Case; (b) mail a copy of this Order to counsel for the plaintiff(s) in the Related Case; (c) mail a copy of this Order to counsel for each defendant in the Related Case not already a party to any case then included in *In re GlaxoSmithKline ERISA Litigation*, Civil Action No: 1:10-cv-06419-AKH; and (d) file an appropriate entry in the Master Docket.

9.    The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might be properly consolidated as part of *In re GlaxoSmithKline ERISA Litigation*, Civil Action No: 1:10-cv-06419-AKH pursuant to the provisions of this Order.

10.    All discovery taken in the Action will apply to any subsequently filed and consolidated actions, and the parties will not be required to repeat discovery already undertaken in the Action.

11.    Charles J. Gum and Marilyn S. Hayes are appointed interim lead plaintiffs.

12.    Pursuant to Fed. R. Civ. P. 23(g), the law firms of Stull, Stull & Brody and Robbins Geller Rudman & Dowd LLP are appointed Interim Co-Lead Class Counsel for the

4

purported Class.

    a.    Interim Co-Lead Class Counsel are vested by the Court with the following responsibilities and duties:

        i.    To coordinate the preparation and filing of a Consolidated Complaint, and any subsequent pleadings;

        ii.    To coordinate the briefing and argument of all motions;

        iii.    To coordinate and conduct all discovery, pre-trial and trial proceedings for all plaintiffs;

        iv.    To call meetings of plaintiffs' counsel as they deem appropriate or necessary from time to time;

        v.    To initiate and conduct all settlement negotiations for plaintiffs with counsel for defendants;

        vi.    To provide general coordination of activities of counsel on their side and to delegate work responsibilities to selected counsel as may be required; and

        vii.    To perform such other duties as may be expressly authorized by further order of the Court.

    b.    Interim Co-Lead Class Counsel shall make all work assignments in such a manner as to conduct the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

    c.    Defendants' counsel may rely upon all agreements made with Interim Co-Lead Class Counsel and such agreements shall be binding on all plaintiffs.

    d.    No motion, request for discovery, or other pretrial proceeding shall be

initiated or served by any plaintiff except through Interim Co-Lead Class

Counsel.

13.     Defendants do not have to respond to the original complaints in either the *Gum* or

*Hayes* cases.

14.     Plaintiffs shall file a Consolidated Complaint in the consolidated case no later

than forty-five (45) days after entry of this Order.

15.     The parties shall confer and propose to the Court a schedule for preliminary

matters, including a schedule for responses to the Consolidated Complaint and, if the responses

in include a motion to dismiss, a briefing schedule for the motion to dismiss.


DATED: _10 - 8 - 10_

Alvin K. Hellerstein
United States District Judge

6